UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LORENZO BROOKS, | ) | |
|---|---|---|
| Movant, | ) | |
| vs. | ) | Case No. 4:15CV1378 JCH |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Lorenzo Brooks' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed September 2, 2015. (ECF No. 1).

## BACKGROUND

On September 23, 2004, Movant was charged by indictment with one count of being a felon in possession of a firearm. (*See United States v. Lorenzo Brooks*, Case No. 4:04CR538 JCH, ECF No. 1). Specifically, the indictment listed the following prior convictions: (1) Robbery 1st Degree, on or about March 30, 1977, in cause number 76-3026, in the Circuit Court of the City of St. Louis, Missouri; (2) Attempted Robbery 1st Degree, on or about March 30, 1977, in cause number 76-3027, in the Circuit Court of the City of St. Louis, Missouri; (3) Assault, on or about March 30, 1977, in cause number 76-3027, in the Circuit Court of the City of St. Louis, Missouri; (4) Conspiracy to Distribute a Controlled Substance, on or about October 31, 1983, in cause number 83-185CR, in the United States District Court for the Eastern District of Missouri; (5) Distribution of a Controlled Substance, on or about October 31, 1983, in cause

number 83-185CR, in the United States District Court for the Eastern District of Missouri; (6) Possession of a Controlled Substance, on or about August 9, 1984, in cause number 511783, in the Circuit Court of St. Louis County, Missouri; (7) Possession of a Controlled Substance, on or about July 1, 1996, in cause number 951-4245, in the Circuit Court of the City of St. Louis, Missouri; and (8) Stealing, on or about October 4, 2000, in cause number 00 CR-1097, in the Circuit Court of St. Louis County, Missouri. On July 27, 2005, the grand jury returned a superseding indictment charging Movant with being a felon in possession of a firearm, as set forth in the original indictment, and with making a false statement under oath to a court of the United States. (*Id.*, ECF No. 52).

The Court bifurcated the two counts of Movant's indictment, and trial on the felon-in-possession count commenced on October 3, 2005. (*See United States v. Lorenzo Brooks*, Case No. 4:04CR538 JCH, ECF Nos. 70, 80). Following a two day trial, the jury returned a guilty verdict on that count on October 4, 2005. (*Id.*, ECF Nos. 81, 87).

On December 20, 2010, the Court sentenced Movant as an Armed Career Criminal to 210 months imprisonment on Count I[1], to be followed by a three-year term of supervised release. (*See United States v. Lorenzo Brooks*, Case No. 4:04CR538 JCH, ECF No. 111). Movant appealed his sentence to the Eighth Circuit Court of Appeals, and the appellate court affirmed the judgment of this Court on July 14, 2011. (*Id.*, ECF Nos. 128, 129).

As stated above, Movant filed the instant § 2255 Motion on September 2, 2015, asserting (1) that his sentence should be reduced following the United States Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), (2) that his constitutional rights were violated

---

1 The Court dismissed Count II pursuant to the Government's motion.

when the Court used the Presentence Investigation Report ("PSR"), a non-*Shepard*[2] approved document, to establish a factual basis for the prior convictions at sentencing, and (3) that by using the PSR, the Government failed to establish the predicate robbery offenses were separate and distinct criminal episodes for purposes of the ACCA.

## DISCUSSION

### I. Time-Barred Claims

As stated above, in Ground 2 of his § 2255 Motion Movant claims that his constitutional rights were violated when the Court used the PSR, a non-*Shepard* approved document, to establish a factual basis for the prior convictions at sentencing. In Ground 3, Movant claims that by using the PSR, the Government failed to establish the predicate robbery offenses were separate and distinct criminal episodes for purposes of the ACCA. Upon consideration, the Court agrees Grounds 2 and 3 are time-barred, for the reasons set forth in the Government's Supplemental Response to Show Cause Order.

### II. Claim Addressed On The Merits

As stated above, in Ground 1 of his § 2255 Motion Movant claims that his sentence should be reduced following the United States Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). 18 U.S.C. § 924(e)(1) provides that any defendant who violates 18 U.S.C. § 922(g), and has three prior convictions for a violent felony or a serious drug offense (or both), is subject to a fifteen-year mandatory minimum sentence. Three clauses in the statute define the types of crimes that qualify as violent felonies: (1) the "elements" clause, including crimes that have as an element "the use, attempted use, or threatened use of physical force against the person of another"; (2) the "enumerated offenses" clause, including the crimes of

---

2 *Shepard v. United States*, 544 U.S. 13 (2005).

"burglary, arson, or extortion, [or those involving the] use of explosives"; and (3) the "residual clause", including crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally vague, and thus increasing a defendant's sentence under the clause violated the Constitution's guarantee of due process of law. *Johnson,* 135 S.Ct. at 2557, 2563.[3] The Court noted, however, that its decision did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563.

In his motion, Movant apparently concedes that his prior conviction for a controlled substance offense counts as a predicate qualifying offense under 18 U.S.C. § 924(e)(2)(A). He contends that post-*Johnson*, however, neither his conviction for Robbery First Degree, nor his conviction for Attempted Robbery First Degree, qualifies him for the ACCA's enhanced penalty. (§ 2255 Motion, P. 2). Upon consideration the Court disagrees, as both convictions qualify as § 924(e) predicate convictions under the still-valid elements clause. *See, e.g., Brooks v. United States*, 2017 WL 751443, at *2 (W.D. Mo. Feb. 27, 2017) ("Missouri's first degree robbery statute clearly describes a 'violent felony' for ACCA sentencing purposes."); *Redd v. United States*, 2017 WL 633850, at *2 (E.D. Mo. Feb. 16, 2017) ("It is undisputed that movant has two convictions for Missouri first-degree robbery, which are ACCA crimes of violence."); *Boyd v. United States*, 2017 WL 3676132, at *2 (E.D. Mo. August 25, 2017); *Hill v. United States*, 2017 WL 57254, at *2 (E.D. Mo. January 4, 2017) ("Additionally, movant also has a prior offense of attempted robbery, that qualifies as a violent felony under 18 U.S.C. § 924(e)."); *Brooks*, 2017 WL 751443, at *2 (same). Thus, post-*Johnson* Movant continues to have the three predicate

---

3 In *Welch v. United States*, 136 S.Ct. 1257 (2016), the Supreme Court held that the rule announced in *Johnson* is a

offenses required for classification as an armed career criminal, and so Ground 1 of his § 2255 Motion must be denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Movant=s Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED,** and his claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 4th Day of December, 2017.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

substantive one, and therefore applies retroactively on collateral review.